## H. M. Chaney, etc., v. B. W. S. Lowe.

**Insolvency—Preference of Creditor.**

 A sale of property by an insolvent son to his father in discharge of a debt owing the father was held to be in fraud of other creditors of the son.

APPEAL FROM NICHOLAS CIRCUIT COURT.

February 13, 1873.

OPINION BY JUDGE PRYOR:

The merits of this controversy must be determined upon the testimony of the father and son. The father is asserting a claim against his son amounting to near forty-three hundred dollars and upon his statement, if true, the pledge of the whisky as a security for this debt was made in 1869 and therefore six months had elapsed prior to the filing of Lowe's petition, in which he seeks to bring the transaction between the father and son within the act of 1856.

Robert Chaney, however, swears that the whisky was only stored in the house of his father in 1869 and that there was no transaction between them in regard to it until August, 1870, when he sold it to his father in payment of the debt he owed him. The son was then in an insolvent condition and the father threatening to institute suit against him and to prevent this suit and for the purpose of discharging this debt and having the other creditors to suffer the sale was made.

The son making this statement has no other interest in the action than to have his debts paid and the result of the controversy can not in any manner affect his rights, as the proceeds of the whisky must necessarily be applied as a partial payment upon his indebtedness. If the father's statement is to be adopted he makes nearly the entire amount of his debt to the exclusion of the other creditors, whilst the son's statement will give to each his pro rata portion of the proceeds of the sale of the property.

The petition of Lowe was filed on the 9th of November, 1870. The sale to the appellant was made in August of the same year, except the twenty barrels of new whisky. Whether this new whisky was delivered early or later in the spring of 1870 does not clearly appear. If sold or delivered after the 8th of May, 1870, the suit of Lowe was then instituted within six months from that date and the proceeds of the old and new whisky must be apportioned between the creditors or placed in the general fund for distribution.

No injustice is done their creditors by making them share equally in what Robert Chaney has to pay his debts, and his disinterested position towards all these parties leaves no doubt in our minds but what his statements with regard to these business transactions between himself and father are true.

We perceive no reason for disturbing the judgment of the court below and the same is now *affirmed*.

*Thos. Kennedy, W. P. Ross, for appellant.*

*Phister, Hargis, for appellee.*